```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

GRACHYA KAZANCHYAN, Individually
and on Behalf of All Others Similarly Situated.

        Plaintiff,

vs.

RETROPHIN, INC., MARTIN SHKRELI,
MARC L. PANOFF, and JEFFREY PALEY,

        Defendants.

------------------------------------- x

Case No. 14-cv-08376-PKC .

STIPULATION AND [PROPOSED]
ORDER DEFERRING DEFENDANTS'
RESPONSE TO THE COMPLAINT

      On October 20, 2014, plaintiff initiated this action (*Kazanchyan v. Retrophin, Inc.*, Case No. 14-cv-8376-PKC) by filing a securities class action complaint. (ECF No. 1 ("Complaint").) Pursuant to the provisions of the Private Securities Litigation Reform Act ("PSLRA"), plaintiff filed a sworn certification stating a willingness to serve as a representative on behalf of other members of the purported class. *See* 15 U.S.C. § 78u-4(a)(2).

      The PSLRA provides that the plaintiff must, within 20 days of filing the action, publish notice to the purported class informing class members of their right to seek appointment as lead plaintiff within 60 days of publication of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)). The Court is to appoint a lead plaintiff no later than 90 days after the notice has been published. 15 U.S.C. §78u-4(a)(3)(B)(i). If, however, a motion to consolidate multiple actions has been filed, then the Court must render a decision on the consolidation motion before appointing a lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(ii).[1]

      Plaintiff and defendants Retrophin, Inc., Marc L. Panoff, and Jeffrey Payley ("Defendants") submit this stipulation because they anticipate that: (1) additional, related

---

[1] Class members have until December 19, 2014 to seek appointment as lead plaintiff.

cases may be filed in this District and transferred to this Court;[2] (2) one or more motions for appointment of lead plaintiff and lead counsel may be filed; (3) the Court will consolidate all of the related federal securities actions; and (4) the Court will appoint lead plaintiff and lead counsel.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the undersigned parties, as follows:

1. Undersigned counsel for Defendants are authorized to waive, and have waived, on behalf of their respective clients, service of the summons and the Complaint in the above-captioned action.

2. Defendants shall have no obligation to answer or otherwise respond to the Complaint, or any other complaint filed in a related action and consolidated with this case, until after the appointment of lead plaintiff and lead counsel, and after the filing by lead plaintiff of a consolidated or amended complaint.

3. Within 20 days after entry of an order appointing, pursuant to the PSLRA, lead plaintiff and lead counsel in the above-captioned action (or in a consolidated action including the above-captioned action), Defendants and lead plaintiff shall confer and propose to the Court dates by which:

    a. lead plaintiff shall (1) serve an file an amended or consolidated class action complaint which shall serve as the operative complaint in the action (or consolidated action) and shall supersede any other complaint(s) filed in and/or transferred to this Court; or (2) designate the Complaint (or another complaint previously filed in and/or transferred to this Court) as the operative complaint; and

---

[2] On December 17, 2014, a related case (captioned *Sandler v. Retrophin, Inc.*, Case No. 14-cv-9915) was filed in this District and assigned to Judge Abrams. The parties will file and serve, pursuant to Local Civ. R. 1.6(a), a notice relating the *Sandler* action to the first-filed *Kazanchyan* action. Further, if additional related cases are filed, the parties will undertake to file and serve additional notices of related case.

b.  Defendants shall answer or otherwise respond to the operative complaint, including a proposed schedule on any anticipated motion to dismiss the operative complaint.

4.  The Court ~~should~~ adjourn **s** the Initial Pretrial Conference, which is currently scheduled for January 7, 2015 at 12:00 p.m., **to March 11, 2015 at 10:30 a.m.** ~~until after the Court consolidates all of the related actions, appoints lead counsel and lead plaintiff, and decides a motion(s) to dismiss the operative complaint~~ (assuming one or more motions is filed).

5.  There have been no prior requests for an extension of time in this action.

6.  This stipulation is entered without prejudice to any party seeking any interim relief.

7.  Aside from Defendants' waiver as to the sufficiency of process (as set forth in ¶1, above), nothing herein shall be deemed to constitute a waiver of any claims, rights, defenses, objections, arguments, or any other applications to any court that any party may have with respect to this matter.

Dated: December 19, 2014

COOLEY LLP

*/s/ Ian Shapiro* / with permission PMcA
Ian Shapiro
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000

*Attorneys for Defendants RETROPHIN, INC.*

Dated: December 19, 2014

SULIVAN & WORCESTER LLP

*/s/ Andrew Solomon* / with permission PMcA
Andrew T. Solomon
1633 Broadway
New York, NY 10019
(212) 660-3023

*Attorneys for Defendant MARC L. PANOFF*

Dated: December 19, 2014

WILLKIE FARR & GALLAGHER LLP

Tariq Mundiya, Esq.
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8565

*Attorneys for Defendant JEFFREY PALEY*

Dated: December 19, 2014

POMERANTZ LLP

Jeremy Lieberman / with permission PMA
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100

*Attorneys for Plaintiff GRACHYA KAZACHYAN*

**IT IS SO ORDERED.**

Dated: 12-22-14

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE      KMC

112408302