

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

May 5, 2015

By Fax

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   In re Retrophin, Inc. Securities Litigation, No. 1:14-cv-08376

Dear Judge Castel:

We represent Marc Panoff, a defendant in the above-referenced matter. We submit this Pre-Motion Letter pursuant to Rule 2.A.1 of your Individual Rules of Practice. Panoff intends to move to dismiss the First Amended Consolidated Complaint (the "Amended Complaint") against him pursuant to FRCP 12(b)(6) for failure to state a claim.

Marc Panoff was the Chief Financial Officer of Retrophin from May 20, 2013 until September 15, 2014. At all relevant times, Panoff reported to the CEO, Martin Shkreli, who founded Retrophin. Plaintiff asserts a private right of action on behalf of a putative class against Panoff and other officers and directors of Retrophin under Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and SEC Rule 10b-5.

I. Plaintiff's Allegations

Plaintiff is suing on behalf of a putative class of purchasers of Retrophin's securities from June 13, 2013 to September 30, 2014. As summarized in paragraph 5 of the Amended Complaint, plaintiff's allegations of fraud focus on two types of transactions: (1) the grant of shares of Retrophin stock to companies and individuals without shareholder approval and in supposed violation of certain NASDAQ market regulations; and (2) sham settlements and consulting agreements that were "designed to personally benefit Shkreli" but not disclosed as "related party" transactions. Plaintiff alleges that Retrophin made misstatements and omissions about these subjects during the class period in its public filings.

II. <u>Plaintiff Fails to State a Claim Against Panoff</u>

To state a federal securities fraud claim, a plaintiff must plead the requisite elements with particularity consistent with the heightened requirements imposed by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See generally Abely v. Aeterna Zentaris Inc.*, No. 12 Civ. 4711 (PKC), 2013 WL 2399869, at *5-6 (S.D.N.Y. May 29, 2013). The PSLRA requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345 (2005). "To qualify as 'strong,' the 'inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Sterling Heights v. Vodafone Group Public Ltd. Co.*, 655 F. Supp. 2d 262, 267 (S.D.N.Y. 2007) (PKC) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)).

In particular, as to allegations of scienter, a securities fraud plaintiff must allege "facts '(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness.'" *In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.*, Nos. 09 MD 2058 (PKC), 09 Civ. 5411 (PKC), 2012 WL 1353523 (S.D.N.Y. Apr. 12, 2012) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)). "Recklessness" means "conduct which is 'highly unreasonable' and which represents 'an extreme departure from the standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) (quoting *Rolf v. Blyth, Eastman Dillon & Co.*, Inc., 570 F.2d 38, 47 (2d Cir. 1978)). Plaintiff has not met either prong as to Panoff.

Plaintiff has not identified any motive or opportunity for Panoff to have engaged in a fraud. Plaintiff's sole allegation as to motive is that the defendants wanted to keep the price of Retrophin's stock high "in order to comply with and facilitate debt and revolving loan agreements, to facilitate the issuance of new stock options, and to facilitate the Company's acquisition of Kyalin Biosciences, Inc." (Am. Comp. ¶ 153). It is well-settled that such a motive is insufficient to establish scienter. *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) ("Motives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not

constitute 'motive' for purposes of this inquiry."). Rather, plaintiff must allege "a concrete and personal benefit to the individual defendants resulting from the fraud." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (citing *Novak*, 216 F.3d at 307-08). But rather than alleging such a concrete benefit to Panoff, plaintiff effectively admits that Panoff did not personally benefit from any of the allegedly unapproved share issuances (*see* Am. Comp. ¶ 45), from the settlements or consulting agreements "that were designed to personally benefit ... Shkreli" (Am. Comp. ¶ 51), or from Shkreli's new company or the transactions that he entered into with the Company or in the Company's shares around the time of Shkreli's resignation (*see* Am. Comp. ¶ 55, 57-58).

Nor has Plaintiff alleged facts that establish strong circumstantial evidence of conscious misbehavior or recklessness. First, plaintiff engages in impermissible group pleading in an attempt to establish scienter. *Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) ("The requirements of Rule 9(b) are not satisfied by a complaint in which defendants are clumped together in vague allegations."). Moreover, plaintiff's allegations are plainly insufficient to constitute the "deliberate illegal behavior" or "conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care," required to plead conscious misbehavior or recklessness. *Xerion Partners I LLC v. Resurgence Asset Mgmt., LLC*, 474 F. Supp. 2d 505, 517 (S.D.N.Y. 2007) (internal quotation omitted), *aff'd sub nom. Bay Harbor Mgmt. LLC v. Carothers*, 282 Fed. App'x. 71 (2d Cir. 2008). In the section of the Amended Complaint billed, "The Individual Defendants Ignored Blatant Red Flags of Potential Fraud," plaintiff fails to connect the alleged "red flags" to any misstatements or omissions that were made by or attributable to Panoff. In effect, plaintiff contends that any alleged misstatement or omission was known to defendants, including Panoff, because they also knew "adverse facts pertaining to the Company's business, operational, and compliance policies." *See, e.g.*, Am. Comp. ¶ 89.

But merely having knowledge of internal control deficiencies does not make an officer or director liable for all accounting or disclosure errors by the company during the period in which the weakness exists. *See Plumbers and Pipefitters Local Union No. 719 Pension Trust Fund v. Conseco, Inc.*, No. 09 Civ. 6966 (JGK), 2011 WL 1198712, at *22 (S.D.N.Y. Mar. 30, 2011) ("A failure to identify problems with the defendant-company's internal controls and accounting practices does not constitute reckless conduct sufficient for § 10(b) liability."). Rather, a plaintiff must allege specific facts known to the defendant that

revealed the falsity of the allegedly actionable statement or omission. *Novak*, 216 F.3d at 309.

Plaintiff's only specific allegations regarding Panoff are that (1) he was the CFO of Retrophin during most of the putative class period; (2) he signed Retrophin's financial statements and Sarbanes-Oxley certifications; and (3) the financial statements were false when made and had to be restated. These allegations do not "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Dura*, 544 U.S. at 345 (quoting 15 U.S.C. § 78u-4(b)(1), (2)). First, Panoff's status as CFO during the class period "cannot support any inference of scienter." *380544 Canada, Inc. v. Aspen Technology, Inc.*, 544 F. Supp. 2d 199, 226 (S.D.N.Y. 2008). Likewise, signing Retrophin's financial statements does not establish scienter. *Id.*; *see also In re Openwave Sys Sec. Litig.*, 528 F. Supp. 2d 236, 252 (S.D.N.Y. 2007). Nor is Panoff guilty of securities fraud merely because Retrophin violated GAAP and later had to restate. *See Novak*, 216 F.3d at 309; *City of Brockton Retirement Sys. v. Shaw Gp.*, 540 F. Supp. 2d 464, 573 (S.D.N.Y. 2008).

For the above reasons, Panoff intends to move to dismiss the Amended Complaint. Panoff also joins in the arguments made by Retrophin in its Pre-Motion Letter and in Retrophin's request for the following briefing schedule: (1) Defendants file their motion(s) to dismiss on or before June 8, 2015; (2) Plaintiff files his opposition on or before July 23, 2015; and (3) Defendants file a reply on or before August 24, 2015.

Respectfully submitted,

Andrew T. Solomon

Direct: (212) 660-3023
Email: asolomon@sandw.com

cc: All counsel of record by email