# WILLKIE FARR & GALLAGHER LLP

Tariq Mundiya
212 728 8565
tmundiya@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 5, 2015

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>In re Retrophin, Inc. Securities Litigation, Case No. 14-cv-08376</u>

Dear Judge Castel:

    We represent individual defendant Dr. Jeffrey Paley in the above-referenced action. We write in order to inform the Court of the grounds upon which Dr. Paley anticipates filing a motion to dismiss the First Amended Consolidated Complaint ("FACC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dr. Paley intends to join in the motion of Retrophin, Inc. ("the Company") and adopts the arguments set forth in the Company's pre-motion letter being filed today as well. In addition, as outlined below, there are additional bases to dismiss the claims against Dr. Paley.

    The FACC contains two counts, one alleging a claim under Section 10(b) of the Securities Exchange of 1934 (Count I) and another alleging claims under Section 20(a) of the Exchange Act (Count III). (Count II is missing from the FACC and we assume that is a typographical error). Both counts are defective and should be dismissed for the reasons articulated in the submission being filed by the Company, as well as the reasons set out below.

I.    <u>The Insubstantial and Inaccurate Allegations Concerning Defendant Paley in the FACC</u>

    Dr. Paley served as a member of the Board of Directors of the Company from November 15, 2013 to September 15, 2014 – approximately 10 months. Dr. Paley is named as a defendant in his capacity as a former Director of the Company. FACC at ¶ 26. Apart from noting Dr. Paley's publicly-reported resignation from the Board and that he was a signatory of one of the Company's filings, the FACC contains only two allegations concerning Dr. Paley, both of which are inaccurate and insufficient. First, the FACC alleges that Dr. Paley served as the Company's Chief Medical Officer "at all relevant times until his resignation on September 10, 2014." FACC at ¶ 26. This allegation is wrong. Dr. Paley never held the position of Chief Medical Officer at the Company, having served only as a Director. Retrophin Press Release, *Jeffrey Paley, MD, Joins Retrophin Inc.'s Board of Directors*, (Nov. 13, 2013). Thus, Dr. Paley was never an officer of the Company as alleged by Plaintiff. Second, Plaintiff alleges a class period beginning June

Page 2

13, 2013. However, Dr. Paley did not join the Board until November 15, 2013. *Id.* Thus, while Plaintiff alleges that Dr. Paley was aware of or recklessly ignored red flags throughout the class period, FACC at ¶ 152, he was not even a Director for a substantial portion of that period. The inaccuracy of these allegations underscores the paucity of facts and research supporting Plaintiff's claims and raises significant questions of what investigation was performed before filing a federal complaint against an individual defendant.

II.     Failure to Plead Loss Causation and Scienter For Both § 10(b) and § 20(a) Claims

As discussed in the Company's letter, Plaintiff has failed to plead loss causation with respect to any of the Company's alleged misstatements. Even if Plaintiff could satisfy his loss causation pleading requirement (and he cannot), Plaintiff has not pled with particularity facts supporting a "strong inference" of scienter with respect to Dr. Paley and any of the disclosures that form the basis of Plaintiff's claims. 15 U.S.C. § 78u-4(b)(2). Among other things, Plaintiff has not plead any conscious misbehavior, recklessness, or receipt of a personal or concrete benefit by Dr. Paley. In fact, Dr. Paley had only been serving as a Director for a few weeks when the 2013 Form10-K was filed, the only disclosure signed by Dr. Paley that Plaintiff alleges contained fraudulent statements. Accordingly, both Counts I and III of the FACC against Dr. Paley should be dismissed. *Plumbers & Pipefitters Nat. Pension Fund v. Orthofix Intern. N.V.*, 13-cv-5695, 2015 WL 981518 at *9, 16 (S.D.N.Y. March 6, 2015) (dismissing 10(b) and 20(a) claims against officer of company where plaintiff alleged merely that the officer had signed Sarbanes-Oxley certifications for three SEC filings); *In re Turquoise Hill Resources Ltd. Sec. Litig.*, 13-cv-8846, 2014 WL 7176187 at *7 (S.D.N.Y. Dec. 16, 2014) (dismissing 10(b) claims where plaintiff made "conclusory" allegations based on "nothing more that [defendant's] corporate positions" and Sarbanes-Oxley certifications). Just as in *Orthofix* and *Turquoise Hill*, the FACC fails to allege with the requisite particularity how Dr. Paley acted with scienter with respect to any of the conduct at issue in the FACC.

III.    Failure to Plead Control and Participation for the § 20(a) Claim

To survive a motion to dismiss for a "control person" claim under § 20(a), Plaintiffs must plead three elements: (1) a primary violation of the Exchange Act; (2) that the defendant controlled the primary violator; and (3) that defendant was in some meaningful sense a culpable participant in the fraud. *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 170 (2d Cir. 2000). For the reasons discussed in the Company's pre-motion letter, the FACC fails to plead a primary violation against the Company. Accordingly, the § 20(a) claim against Dr. Paley should be dismissed on that basis alone. Moreover, in order to sustain a § 20(a) claim, this Court has required a plaintiff to allege that a defendant is, in some meaningful sense, a "culpable participant" in the alleged fraud. *Special Situations Fund III QP, L.P. v. Deloitte Touche*, 33 F.Supp.3d 401, 437 (S.D.N.Y. 2014); *In re MBIA, Inc., Sec. Litig.*, 700 F.Supp.2d 566, 598 (S.D.N.Y. 2010) (dismissing § 20(a) claims against officers of a company for failure to plead culpable participation amounting to "conscious misbehavior or recklessness"). For the reasons

Page 3

explained above, the FACC fails to allege any conduct by Dr. Paley, let alone particularized facts demonstrating that he was a culpable participant in the alleged fraud.[1]

For the foregoing reasons, the facts alleged in the FACC do not support a Section 10(b) or 20(a) claim against Dr. Paley. Dr. Paley intends to file a motion to dismiss the FACC on these grounds and joins in the proposed briefing schedule set forth by the Company.

Sincerely,

Tariq Mundiya

cc:   All counsel via ECF

---

[1] Nor does the FACC allege that Dr. Paley was a "controlling person" of Retrophin. FACC at ¶¶ 177-181. The FACC incorrectly alleges that Dr. Paley was an *officer* of the Company. FACC at ¶ 180. However, Dr. Paley was **never an officer of the Company**. Moreover, the FACC also alleges that Dr. Paley exercised power and authority over Retrophin "[t]hroughout the Class Period." FACC at ¶ 180. As discussed above, Dr. Paley was not a Director for a substantial portion of the Class Period.