# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Retrophin, Inc. Securities Litigation | **Case No.: 1:14-cv-08376-PKC** <br><br> **CLASS ACTION** |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES,**
**AND SETTLEMENT FAIRNESS HEARING**

If you purchased or otherwise acquired securities of Retrophin Inc. between June 13, 2013 and September 30, 2014, both dates inclusive (the "Class Period"), you could be entitled to a payment from a class action settlement (the "Settlement").

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- The Court will hold a Settlement Hearing on _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $3,000,000, plus interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased or otherwise acquired Retrophin securities during the Class Period.

- The Settlement represents an average recovery of $0.1345 per share of Retrophin stock for the 22.3 million estimated shares that Lead Plaintiff alleges were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period.[1] This estimate solely reflects the average recovery per damaged share of Retrophin stock before deducting attorney fees and expenses. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold Retrophin securities, and the total number of valid claims filed. See the Plan of Allocation on p. 12 below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form by _____.

- Attorneys for the Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to 33% of the Settlement Amount and reimbursement of up to $48,685.15 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and

---

[1] All estimated recoveries per share are exclusive of the 1% of the Net Settlement Fund that has been allocated for potential claims based on losses resulting from options transactions. See the Plan of Allocation below.

effort in the prosecution of this litigation on a contingent-fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $3,500. Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiff are estimated to average $0.0467 per damaged share of Retrophin stock. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after the deduction of attorneys' fees and expenses approved by the Court, is an average of $0.0878 per damaged share of Retrophin stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price and the number of valid Proof of Claim forms filed.

- The Settlement resolves the lawsuit concerning whether Defendants violated the federal securities laws by allegedly issuing materially false and misleading statements. All Defendants in the action deny the allegations in the lawsuit and deny any wrongdoing. Defendants and Plaintiffs disagree on liability and damages. Plaintiffs believe that, if they prevailed on all their claims and the Court accepted their theory of damages, that they would have been able to collect a substantial amount of monies, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable. Defendants believe that they have not engaged in any wrongdoing, committed any violation of law, or acted improperly in any way. They expressly have denied and continue to deny all charges of wrongdoing, fault or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

- The parties disagree on how much money could have been won if the investors won at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on any claim you might have. Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by _____. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be received by _____. |

| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Class. Objections must be received by the Court and counsel by _____. |
|---|---|
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel by _____. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at (866) 274-4004 or at https://www.strategicclaims.net/cases. You may also contact representatives of counsel for the Class at Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100, http://pomerantzlawfirm.com. **Please do not contact the Court or Defendants regarding this Notice**.

## BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased or otherwise acquired Retrophin securities between June 13, 2013 and September 30, 2014 (the "Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *In re Retrophin, Inc. Securities Litigation*, Civil Action No. 1:14-cv-08376 (PKC) (the "Action"). The United States District Court for the Southern District of New York is in charge of the Action and the case has been assigned to the Honorable P. Kevin Castel. The individual representing the Class is the "Lead Plaintiff," and the company and individuals he sued and who have now settled are called the Defendants.

This Action brings claims against Retrophin, Inc. ("Retrophin"), Martin Shkreli, Marc L. Panoff, Steve Richardson, Stephen Aselage, Cornelius E. Golding, and Jeffrey Paley. Retrophin is a biopharmaceutical company that focuses on commercializing therapies for treating rare diseases. Lead Plaintiff asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. Specifically, the Complaint alleged that the Defendants concealed from investors numerous stock trading irregularities and improper practices,

including without limitation: (i) granting millions of shares of Retrophin stock to various Company employees and "consultants" without shareholder approval and in violation of NASDAQ Stock Market ("NASDAQ") regulations, (ii) entering into millions of dollars' worth of sham settlements and consulting agreements that were, in fact, related party transactions designed to personally benefit Shkreli, and (iii) facilitating Shkreli's breach of his fiduciary duties to stockholders by raising money for a new venture while still at Retrophin and allowing his new company to purchase one of Retrophin's pipeline drugs.In September, 2014, the Company abruptly terminated Mr. Shkreli, Retrophin's Chief Executive Officer, and Panoff, the Company's Chief Financial Officer. News reports attributed Shkreli's termination to stock trading irregularities and other securities-law transgressions. The Company subsequently disclosed that Retrophin misstated and omitted facts concerning the several millions of dollars' worth of sham related-party transactions and improper stock grants, many of which Shkreli used to placate former investors in MSMB Capital Management. Retrophin was forced to restate its financial statements because of these material misstatements and omissions.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more people called plaintiffs sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| **4.** | **Why is there a settlement?** |
|---|---|

This Action has been litigated since September 2014. This Action has not gone to trial, and the Court has not decided in favor of either side. Instead, the parties participated in a mediation before JAMS mediation services and, thereafter, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation.

Lead Plaintiff and Lead Counsel believe that the Settlement provides the Class with a benefit now, instead of after years of further uncertain litigation, and is in the best interests of all Class Members in light of the significant possibility that continued litigation could result in no recovery at all. Continuing to litigate the case would require all parties to expend substantial resources. If the Action continued, fact discovery would be extremely expensive, both sides would likely engage expert witnesses, and Lead Plaintiff believes that much of the proof would be highly technical, making the outcome of any trial unpredictable.

Defendants have denied and continue to deny each and all of the allegations made and claims brought by Lead Plaintiff, maintain that they have meritorious defenses, and contend that many of the factual allegations are materially inaccurate. Defendants have also denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or the Class have suffered damages, that the prices of Retrophin securities were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Lead Plaintiff or the Class were harmed by the conduct alleged. Nonetheless, Defendants have concluded that further litigation of this Action would be protracted and expensive and that the Action should be fully and finally settled under the terms and conditions of this Settlement.

- 4 -

The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage to the Class Members in this Litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Class includes all persons or entities, except those persons and entities that are excluded as described below, that

  i.  purchased or otherwise acquired Retrophin common stock ("Retrophin Common Stock" or "Stock")[2] during the Class Period;

  ii.  purchased or otherwise acquired exchange-traded call options on Retrophin Common Stock ("Call Options") during the Class Period; and/or

  iii.  sold (wrote) exchange-traded put options on Retrophin Common Stock ("Put Options") during the Class Period.

If one of your mutual funds owns Retrophin securities, that alone does not make you a Class Member. Also, if you sold Retrophin Common Stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired Retrophin Common Stock during the Class Period, purchased or otherwise acquired Call Options during the Class Period, and/or sold Put Options during the Class Period. Contact your broker to see if you have made any of these transactions.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. You are not a Class Member if you are a Defendant; a member of a Defendant's family; a Defendant's legal representative, heir, successor-in-interest, or assign; a current or former director or officer of the Company during the Class Period; or any trust, company, entity or affiliate in which any Defendant has or had a controlling interest. Also, if you validly exclude yourself from the Class in accordance with the requirements set forth below, you are not a part of the Class.

---

[2] During the Class Period, Retrophin Common Stock was listed under the trading symbol "RTRX." Prior to January 10, 2014, Retrophin Common Stock was listed on the Over the Counter ("OTC") QB market. As of January 10, 2014, Retrophin Common Stock was listed on the NASDAQ Global Market.

| 7. | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

In exchange for the Settlement and the release of the Settled Claims (defined below) as well as dismissal of the Action, Defendants have agreed that a payment of $3,000,000 will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, *pro rata* among all Class Members who send in a valid Proof of Claim form.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the fund will depend on several factors, including the following: how many Class Members submit timely and valid Proof of Claim forms; the total Recognized Losses represented by the valid Proof of Claim forms that the Class Members send in; the number of Retrophin securities that you purchased or acquired during the Class Period; how much you paid for such securities; when you purchased; and if you sold such securities and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation at page 12 for more information.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice and may be downloaded at _____. Read the instructions carefully, fill out the Proof of Claim form, include all the documents that the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than _____. The claim form may be submitted online at _____.

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and this means that, if the Settlement is approved, you will give up all "Settled Claims," including "Unknown Claims," against the "Released Parties" (as all of these terms are defined below):

- "Settled Claims" means and includes (i) any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims and including claims asserted or which could have been asserted in this Action, by the Plaintiff or Class Members, and based upon the purchase or other acquisition of Retrophin securities from June 13, 2013 and September 30, 2014, and (ii) any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Plaintiffs, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action or Plaintiffs' or Class Members' investment in Retrophin. However, claims to enforce the Settlement are not released.

- "Released Parties" means Defendants Retrophin, Inc., Martin Shkreli, Marc L. Panoff, Steve Richardson, Stephen Aselage, Cornelius E. Golding, and Jeffrey Paley, and each of any Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, successors-in-interest, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, related or affiliated entities, any entity in which any Defendant has or had a controlling interest, any member of any Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any member of an Defendant's immediate family. All Released Parties (other than the Settling Defendants) are intended third-party beneficiaries of this Stipulation of Settlement.

- "Unknown Claims" means and includes any and all claims that Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision to object or not to object to this Settlement. Plaintiff, Class Members, and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims. The Settling Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims, including a waiver of any rights

under California Civil Code 1542 and other similar applicable state statutes, was separately bargained for and a material element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Parties on your own about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself—sometimes referred to as "opting out."

| | |
|---|---|
| **13.** | **How do I get out of the proposed Settlement?** |

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Retrophin, Inc. Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of Retrophin securities during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **received no later than** _____ **at**:

*Retrophin, Inc. Securities Litigation*
c/o _____
Claims Administrator
P.O. Box _____

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Parties in the future.

| | |
|---|---|
| **14.** | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit against the Released Parties, speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is [insert date].

| | |
|---|---|
| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But you may sue or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Pomerantz LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than 33 percent of the Settlement Fund and for expenses and costs in an amount not to exceed $48,685.15 in connection with the litigation, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in the *Retrophin, Inc. Securities Litigation*. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of Retrophin securities that you purchased, otherwise acquired, sold, or otherwise disposed of during the Class Period, and state the reasons why you object to the proposed Settlement. Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than _____:**

| COURT | LEAD COUNSEL | SETTLING DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312 | Jeremy A. Lieberman<br>Murielle Steven Walsh<br>**POMERANTZ LLP**<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | Ian Ross Shapiro<br>**COOLEY LLP**<br>1114 Avenue of the Americas<br>New York, NY 10036<br><br>*Counsel for Defendants Retrophin, Inc., Steve Richardson, Stephen Aselage, and Cornelius Golding*<br><br>Andrew Todd Solomon<br>**SULLIVAN & WORCESTER LLP**<br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br><br>*Counsel for Defendant Marc L. Panoff*<br><br>Elissa J. Preheim<br>**ARNOLD & PORTER LLP**<br>601 Massachusetts Ave, N.W.<br>Washington, DC 20001<br><br>*Counsel for Defendant Martin Shkreli* |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at _____, at _____ _.m., at the Daniel Patrick Moynihan United States Courthouse, Courtroom ____, 500 Pearl St., New York, NY 10007-1312, for the following: to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; to determine whether an Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should

be awarded to Plaintiffs' Counsel and Plaintiffs for their service to the Settlement Classes; to hear any objections by Settlement Class Members to the Stipulation or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel or to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "intention to appear in the *In re Retrophin, Inc. Securities Litigation.*" Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|-----|-------------------------------------------------------|

This Notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement dated January 29, 2016 (the "Stipulation"). The Stipulation is the controlling document describing

the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (866) 274-4004. A copy of the Stipulation is also available on the Claims Administrator's website at https://www.strategicclaims.net/cases.

| 25. | **How do I get more information?** |
| --- | --- |

For even more detailed information concerning the matters involved in this Action, reference is made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other papers filed in the Action, which will be posted on the settlement website https://www.strategicclaims.net/cases, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Retrophin Common Stock and/or Call Option purchased or otherwise acquired during the Class Period, and for each Put Option sold during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when each Retrophin security was purchased and/or sold during the Class Period, and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class member might have been able to recover after a trial; nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

Initially, 99% of the Net Settlement Fund will be allocated to the payment of claims that are based on Recognized Losses for Retrophin Common Stock, and 1% of the Net Settlement Fund will be allocated to the payment of claims based on Recognized Losses for Call Options and Put Options.[3]

If the sum total of Recognized Losses for Retrophin Common Stock for all Authorized Claimants is greater than 99% of the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share. The pro rata share shall be the Authorized Claimant's Recognized Losses for Retrophin Common Stock divided by the sum total of Recognized Losses for Retrophin Common Stock of all Authorized Claimants, multiplied by 99% of the Net Settlement Fund.

Likewise, if the sum total of Recognized Losses for Call Options and Put Options for all Authorized Claimants is greater than 1% of the Net Settlement Fund, each Authorized Claimant shall

---

[3] Call Options and Put Options account for less than 1% of the combined dollar volume of Retrophin securities traded during the Class Period.

receive his, her, or its pro rata share. The pro rata share shall be the Authorized Claimant's Recognized Losses for Call Options and Put Options divided by the sum total of Recognized Losses for Call Options and Put Options of all Authorized Claimants, multiplied by 1% of the Net Settlement Fund.

In the unlikely event that the Net Settlement Fund allocated as such, is sufficient to pay 100% of either the Retrophin Common Stock-based claims or the Retrophin option-based claims, any excess amount will be used to pay the balance on the remaining claims. If the Net Settlement Fund is sufficient to pay 100% of the Retrophin Common Stock-based claims and the Retrophin option-based claims, any excess amount shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

The Court may approve the Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan will be posted on the settlement website at: _____.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Retrophin Common Stock was allegedly artificially inflated during the Class Period. The estimated alleged artificial inflation in the price of Retrophin Common Stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Retrophin Common Stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the Stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, shares of Retrophin Common Stock and Call Options purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiff and Lead Counsel have alleged that such price declines occurred on September 16, 2013; April 7, 2014; May 29, 2014; September 17, 2014; September 29, 2014; and October 1, 2014 (the "Corrective Disclosure Dates"). Accordingly, if Retrophin Common Stock or Call Options were divested (through sale, exercise or expiration) before September 16, 2013 (the earliest Corrective Disclosure Date), the Recognized Loss for those shares or options is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if Retrophin Common Stock or Call Options were purchased/acquired and subsequently divested between two dates of corrective disclosures, the Recognized Loss for those shares or options is $0.00. With respect to Put Options, those options must have been sold (written) during the Class Period and not closed out (through repurchase, exercise or expiration) through at least one of the Corrective Disclosure Dates in order to have been damaged by the alleged violations of the federal securities laws.

| Table 1<br>Artificial Inflation in Retrophin Common Stock[4] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| June 14, 2013[5] | September 15, 2013 | $4.67 |
| September 16, 2013 | April 6, 2014 | $4.21 |
| April 7, 2014 | May 28, 2014 | $3.04 |
| May 29, 2014 | September 16, 2014 | $1.84 |
| September 17, 2014 | September 28, 2014 | $0.67 |
| September 29, 2014 | September 30, 2014 | $0.28 |
| October 1, 2014 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Retrophin Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares of Retrophin Common Stock purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-day look back period") cannot exceed the difference between the purchase price paid for Retrophin Common Stock and the average price of Retrophin Common Stock during the 90-day look back period. The Recognized Loss on Retrophin Common Stock purchased/acquired during the Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for Retrophin Common Stock and the rolling average price of Retrophin Common Stock during the portion of the 90-day look back period elapsed as of the date of sale.

## RETROPHIN COMMON STOCK

For each share of Retrophin Common Stock purchased or otherwise acquired during the Class Period (i.e., June 13, 2013 through September 30, 2014, inclusive), the Recognized Loss per share shall be calculated as follows:

      i.    For each share of Retrophin Common Stock purchased/acquired prior to the close of trading on June 13, 2013, the Recognized Loss per share is $0.

     ii.    For each share of Retrophin Common Stock purchased/acquired during the Class Period that was subsequently sold during the Class Period, the Recognized Loss per

---

[4] Any transactions in Retrophin securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] The earliest alleged misrepresentation was in Retrophin's 2012 Form 10-K, which was filed after market close on June 13, 2013. Thus, the price inflation in Retrophin Common Stock on June 13, 2013 is $0. Any transactions in Retrophin securities executed after market close on June 13, 2013 shall be deemed to have occurred on June 14, 2013.

share is the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above, **minus** the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above.

iii.   For each share of Retrophin Common Stock purchased/acquired during the Class Period and subsequently sold during the period October 1, 2014 through December 29, 2014, inclusive, the Recognized Loss per share is **the lesser of**:

   a.   the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; and

   b.   the purchase/acquisition price (excluding all fees, taxes and commissions) minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 2 below. If this calculation results in a negative number, then the Recognized Loss per share shall be $0.

iv.   For each share of Retrophin common stock purchased/acquired during the Class Period and still held as of the opening of trading on December 30, 2014, the Recognized Loss per share shall be calculated as **the lesser of**:

   a.   the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; and

   b.   the purchase/acquisition price (excluding all fees, taxes and commissions) minus the average closing price for Retrophin Common Stock during the 90-day period following the Class Period, which is $10.29. If this calculation results in a negative number, then the Recognized Loss per share shall be $0.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 10/1/2014 | $8.62 | 10/30/2014 | $9.78 | 12/1/2014 | $9.82 |
| 10/2/2014 | $9.26 | 10/31/2014 | $9.78 | 12/2/2014 | $9.83 |
| 10/3/2014 | $9.80 | 11/3/2014 | $9.80 | 12/3/2014 | $9.84 |
| 10/6/2014 | $10.10 | 11/4/2014 | $9.82 | 12/4/2014 | $9.84 |
| 10/7/2014 | $10.24 | 11/5/2014 | $9.82 | 12/5/2014 | $9.84 |
| 10/8/2014 | $10.28 | 11/6/2014 | $9.83 | 12/8/2014 | $9.83 |
| 10/9/2014 | $10.23 | 11/7/2014 | $9.85 | 12/9/2014 | $9.83 |
| 10/10/2014 | $10.15 | 11/10/2014 | $9.88 | 12/10/2014 | $9.83 |
| 10/13/2014 | $10.06 | 11/11/2014 | $9.93 | 12/11/2014 | $9.83 |
| 10/14/2014 | $10.03 | 11/12/2014 | $9.98 | 12/12/2014 | $9.83 |

| | | | | | |
|---|---|---|---|---|---|
| 10/15/2014 | $10.02 | 11/13/2014 | $10.04 | 12/15/2014 | $9.85 |
| 10/16/2014 | $10.02 | 11/14/2014 | $10.03 | 12/16/2014 | $9.87 |
| 10/17/2014 | $9.96 | 11/17/2014 | $10.01 | 12/17/2014 | $9.92 |
| 10/20/2014 | $9.94 | 11/18/2014 | $9.99 | 12/18/2014 | $9.98 |
| 10/21/2014 | $9.91 | 11/19/2014 | $9.93 | 12/19/2014 | $10.04 |
| 10/22/2014 | $9.88 | 11/20/2014 | $9.90 | 12/22/2014 | $10.11 |
| 10/23/2014 | $9.86 | 11/21/2014 | $9.86 | 12/23/2014 | $10.15 |
| 10/24/2014 | $9.86 | 11/24/2014 | $9.83 | 12/24/2014 | $10.20 |
| 10/27/2014 | $9.83 | 11/25/2014 | $9.81 | 12/26/2014 | $10.24 |
| 10/28/2014 | $9.81 | 11/26/2014 | $9.80 | 12/29/2014 | $10.29 |
| 10/29/2014 | $9.80 | 11/28/2014 | $9.81 | | |

## RETROPHIN CALL OPTIONS

For each Call Option purchased or otherwise acquired during the Class Period (i.e., June 13, 2013 through September 30, 2014, inclusive), the Recognized Loss per option[6] shall be calculated as follows:

    i.    For each Call Option purchased/acquired prior to the close of trading on June 13, 2013, the Recognized Loss per option is $0.

    ii.    For each Call Option purchased/acquired during the Class Period that was still held as of the opening of trading on one or more of the Corrective Disclosure Dates (i.e., September 16, 2013; April 7, 2014; May 29, 2014; September 17, 2014; September 29, 2014; October 1, 2014),

        a.    that was subsequently sold, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and commissions) **minus** the sale price per option (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per option is $0.

---

[6] Exchange-traded call (put) options are traded in units called contracts. Each call (put) option contract entitles the owner of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise. Herein, one option means an option with one share of Retrophin Common Stock as the underlying security.

      b.  that was subsequently exercised, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and commissions) **minus** the price per option on the date of exercise.[7] If this calculation results in a negative number, then the Recognized Loss per option is $0.

      c.  that expired unexercised while still owned, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and commissions).

iii.  For each Call Option purchased/acquired during the Class Period that was not held at the opening of trading on one or more of the Corrective Disclosure Dates, the Recognized Loss per option is $0.

No loss shall be recognized based on a sale or writing of any call option that was subsequently repurchased, exercised or expired.

### RETROPHIN PUT OPTIONS

For each Put Option sold (written) during the Class Period (i.e., June 13, 2013 through September 30, 2014, inclusive), the Recognized Loss per option shall be calculated as follows:

i.  For each Put Option sold (written) prior to the close of trading June 13, 2013, the Recognized Loss per option is $0.

ii.  For each Put Option sold (written) during the Class Period for which the Claimant was still obligated on at the opening of trading on one or more of the Corrective Disclosure Dates,

      a.  that was subsequently repurchased, the Recognized Loss per option is equal to the repurchase price per option (excluding all fees, taxes and commissions) **minus** the sale price per option (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per option is $0.

      b.  that was subsequently exercised (*i.e.*, put to the Authorized Claimant), the Recognized Loss per option is equal to the price of the option on the date of exercise[8] **minus** the sale price per option (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per option is $0.

---

[7] The price of the Call Option on the date of exercise shall be the closing price of Retrophin Common Stock on the date of exercise minus the strike (exercise) price of the option.

[8] The price of the Put Option on the date of exercise shall be the strike (exercise) price of the option minus the closing price of Retrophin Common Stock on the date of exercise.

    c.   that expired unexercised, the Recognized Loss per option is $0.00.

    iii.   For each Put Option sold (written) during the Class Period for which the Claimant was not obligated on at the opening of trading on one or more of the Corrective Disclosure Dates, the Recognized Loss per option is $0.

No loss shall be recognized based on a purchase of any put option that was subsequently sold, exercised or expired.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Retrophin securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Retrophin securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Retrophin securities were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be Zero ($0.00).

Notwithstanding any of the above, receipt of Retrophin securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Retrophin securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against the Retrophin Securities held as of the close of trading on June 12, 2013 (the last day before the Class Period begins) and then against the purchases of Retrophin securities during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Retrophin Common Stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Retrophin Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Stock shall be the exercise date of the option and the purchase/sale price of the Stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Retrophin Common Stock acquired during the Class Period through the exercise of an option

- 18 -

on Retrophin Common Stock[9] shall be computed as provided for other purchases of Retrophin Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

---

[9] Including (1) purchases of Retrophin Common Stock as the result of the exercise of a Call Option, and (2) purchases of Retrophin Common Stock by the seller of a put option as a result of the buyer of such Put Option exercising that Put Option.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Retrophin securities during the Class Period (CUSIPs: _____) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*In re Retrophin, Inc. Securities Litigation*
c/o _____
Claims Administrator
P.O. Box _____
https://_____

Dated: _____          BY ORDER OF THE COURT
                                                                    UNITED STATES DISTRICT COURT
                                                                    SOUTHERN DISTRICT OF NEW YORK