# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Retrophin, Inc., Securities Litigation

1:14-cv-08376-PKC

<u>CLASS ACTION</u>

<u>[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE</u>

This matter came before the Court for a hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 29, 2016 (the "Stipulation"). This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members. Due and adequate notice having been given to the Class pursuant to the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises,

IT IS HEREBY ORDERED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of settlement only, the following Class:

- All persons who purchased or otherwise acquired the securities of Retrophin, Inc. ("Retrophin" or the "Company") between June 13, 2013 to September 30, 2014, both dates inclusive (the "Class Period").

Excluded from the Class are:

1

    (a) Persons or entities who submit valid and timely requests for exclusion from the Class, as listed on Exhibit A; and

    (b) Defendants, all current and former directors and officers of the Company during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

  3. For the purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

  4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects.

  5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation. The Court hereby dismisses with prejudice the Action and all claims

contained therein and all of the Settled Claims as against the Released Parties, except as and to the extent provided in the Stipulation and herein.

6.     Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff, each and all of the Class Members (other than those listed on Exhibit A), and anyone claiming through or on behalf of any of them, including but not limited to their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Settled Claims (including, without limitation, Unknown Claims) against the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release.

7.     Upon the Effective Date hereof, Lead Plaintiff, each and all of the Class Members (other than those listed on Exhibit A), and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Settled Claims (including, without limitation, Unknown Claims) against any of the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release forms—as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Settled Claims against the Released Parties, Lead Plaintiff, or Lead Counsel, except for claims relating to

the enforcement of the Settlement, or any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Action.

8. The Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing given to the Class in accordance with the Notice Order was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

9. Separate orders shall be entered regarding the proposed Plan of Allocation and any Fee and Expense Application filed by Lead Counsel. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Settled Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Parties are or become parties; or (c) is or may be deemed to be or may be used as an

admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties, Lead Plaintiff, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Applications in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be vacated and rendered null and void in accordance with the Stipulation. In such event, all orders entered and

releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. The Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation without further order of the Court.

15. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____
P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

### **List of Persons and Entities Excluded from the Class in**

*In re Retrophin, Inc. Securities Litigation*
Case No. 1:14-cv-08376-PKC

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class by the _____ deadline, pursuant to the Court's Order dated _____:

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

7